1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VANDRICK TOWNS,

11                   Petitioner,                   No. 2:09-cv-0559-JAM-JFM (HC)

12          vs.

13   JOHN W. HAVILAND,

14                   Respondent.           FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2008 decision of the Board

18   of Parole Hearings ("the Board") denying him parole.   Petitioner also claims that the Board's

19   decision denying him a parole release date extended his term of imprisonment beyond the

20   statutory maximum term of confinement for his convicted offense based on facts not proven

21   beyond a reasonable doubt.  Upon careful consideration of the record and the applicable law, the

22   undersigned recommends that petitioner's application for habeas corpus relief be denied.

23                        FACTUAL AND PROCEDURAL BACKGROUND

24          In 1990, petitioner was convicted of second degree murder with use of a firearm

25   and attempted voluntary manslaughter, and sentenced to twenty-two years and six months to life

26   in prison.  See Pet. at 2.  On June 26, 2008, petitioner appeared before the Board for a parole

1

1   consideration hearing.  See Pet., Ex. H.  Petitioner appeared at and participated in the hearing.

2   See id. at 4.  Following deliberations held at the conclusion of the hearing, the Board announced

3   their decision to deny petitioner parole and the reasons for that decision.  Id. at 111-120.

4                   This action was filed on February 26, 2009.  Respondent filed an answer on April

5   24, 2009.  Petitioner filed a traverse on May 13, 2009.

6                                                        ANALYSIS

7   I.  Standards for a Writ of Habeas Corpus

8                   Federal habeas corpus relief is not available for any claim decided on the merits

9   in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

14   28 U.S.C. § 2254(d).

15                   Under section 2254(d)(1), a state court decision is "contrary to" clearly

16   established United States Supreme Court precedents if it applies a rule that contradicts the

17   governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

18   indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

19   result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

20   (2000)).

21                   Under the  "unreasonable application" clause of section 2254(d)(1), a federal

22   habeas court may grant the writ if the state court identifies the correct governing legal principle

23   from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

24   prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

25   simply because that court concludes in its independent judgment that the relevant state-court

26   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

1    application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

2    (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

3    question, is left with a 'firm conviction' that the state court was 'erroneous.'").

4         The court looks to the last reasoned state court decision as the basis for the state

5    court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court

6    reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

7    habeas court independently reviews the record to determine whether habeas corpus relief is

8    available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

9    II.  Petitioner's Claims

10        A.    Due Process Violation

11        As noted above, petitioner claims that the denial of parole violated his federal

12   constitutional right to due process of law.  The Due Process Clause of the Fourteenth

13   Amendment prohibits state action that deprives a person of life, liberty, or property without due

14   process of law.  A litigant alleging a due process violation must first demonstrate that he was

15   deprived of a liberty or property interest protected by the Due Process Clause and then show that

16   the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky

17   Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

18        A protected liberty interest may arise from either the Due Process Clause of the

19   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

20   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

21   221 (2005) (citations omitted).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

22   The United States Constitution does not, of its own force, create a protected liberty interest in a

23   parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);

24   Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or

25   inherent right of a convicted person to be conditionally released before the expiration of a valid

26   sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a

3

1  presumption that parole release will be granted' when or unless certain designated findings are

2  made, and thereby gives rise to a constitutional liberty interest."  Greenholtz, 442 U.S. at 12.

3  See also Allen, 482 U.S. at 376-78.

4           California's parole statutes give rise to a liberty interest in parole protected by the

5  federal due process clause.  Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL

6  197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless

7  there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181,

8  1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in

9  Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports

10  converting California's 'some evidence' rule into a substantive federal requirement."  Swarthout,

11  2011 WL 197627, at *3.   Rather, the protection afforded by the federal due process clause to

12  California parole decisions consists solely of  the "minimal" procedural requirements set forth in

13  Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why

14  parole was denied."  Id. at *2-3.

15           Here, the record reflects that petitioner was present at the 2008 parole hearing,

16  that he participated in the hearing, and that he was provided with the reasons for the Board's

17  decision to deny parole.  According to the United States Supreme Court, the federal due process

18  clause requires no more.  Accordingly, petitioner's application for a writ of habeas corpus should

19  be denied.

20      B.      Term of Imprisonment

21           Petitioner also claims that the Board's decision denying him a parole release date

22  extended his term of imprisonment beyond the statutory maximum term of confinement for his

23  convicted offense based on facts not proven beyond a reasonable doubt.  Petitioner's claim must

24  fail because the Board did not, in fact, alter petitioner's sentence in any way.  Petitioner was

25  convicted of second degree murder.  Under California law, this crime carries a mandatory

26  penalty of life imprisonment with the possibility of parole, Cal. Penal § 190(a), and this is the

4

sentence petitioner is currently serving.  While petitioner may have hoped or expected to be

released sooner, the maximum duration of his commitment was set at life long before he

appeared before the Board.  The Board's decision to deny him a parole release date, therefore,

did not enhance or otherwise alter his punishment.  Consequently, petitioner is not entitled to

relief of this claim.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

States District Courts, "[t]he district court must issue or a deny a certificate of appealability

when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A

certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court

must either issue a certificate of appealability indicating which issues satisfy the required

showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

For the reasons set forth in these findings and recommendations, petitioner has not made a

substantial showing of the denial of a constitutional right.  Accordingly, no certificate of

appealability should issue.           For the foregoing reasons, IT IS HEREBY

RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be denied; and

2.  The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections.  The

/////

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;town0559.157